## HERNÁNDEZ v. FERNÁNDEZ ET AL.

### APPEAL from the District Court of Mayagüez.

No. 559.—Decided February 2, 1911.

MORTGAGE—AWARD OF MORTGAGED PROPERTY IN SATISFACTION OF PERSONAL CREDIT.—A mortgage directly and primarily subjects the property on which it is constituted, whoever its owner may be, to the fulfilment of the obligation for the security of which it was constituted, and, therefore, a creditor to whom a mortgaged property is awarded in a personal action acquires. it subject to the encumbrance upon it.

ID.—ORDINARY PROCEEDINGS—SUMMARY FORECLOSURE PROCEEDINGS.—The fact that a mortgage creditor has brought an ordinary action to recover upon a mortgage which he holds does not, preclude him from instituting the summary proceedings provided for by the Mortgage Law when, as in the case at bar, it shall have been shown that the judgment rendered in the first action could not be complied with.

·The facts are stated in the opinion.

*Mr. Benjamin J. Horton* for appellant.

*Mr. José Ramón Freyre* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

A complaint was entered under No. 2372 in the District Court of Mayagüez by Agüstín Hernández Mena against José A. Fernández y Pérez, the latter as the representative of his minor children, José Antonio, Manuel Evaristo, and Benigno Claudio Fernández y Díez, praying the court: (1) That the proceedings in case No. 2349, which was brought in the District Court of Mayagüez by the defendants against the plaintiff and his wife, be declared null and void; (2) that the mortgage given by Claudio Nin to José A. Fernández, who subsequently transferred it to F. Crestar and D. Fernández, and by the latter to the minor children of José A. Fernández, be canceled; and (3) that the record of said mortgage entered in the registry of property be likewise canceled.

. The answer to the complaint having been filed, a hearing was thereupon had, together with another action filed by the same parties, and on March 23, 1910, the court rendered the following judgment disposing of both cases, this appeal having been taken therefrom with respect to case No. 2372.

"At the hearing of these cases, which was set for February 14, 1910, the plaintiff appeared in person and the defendants by their attorney, Mr. José R. Freyre. The plaintiff filed a motion praying for the consolidation of both actions, and, upon the assent of the defendant, the motion was granted. Upon hearing the pleadings, the evidence introduced, and the arguments of counsel, the court decided to reserve its decision until to-day, the findings being as follows:

" 'As to case No. 2372, it is held that the law and the facts are in favor of defendants and against the plaintiff.

" 'As to case No. 2387, it is held: (a) that both the law and the facts are in favor of plaintiff, in so far as his petition to set aside the judgment is concerned, the defendants not having truthfully stated the facts in the summary mortgage proceedings instituted under No. 2349 in this court, they having attempted therein to recover the sum of $960 upon a property which was pledged to secure only $600; and (b) that the evidence introduced by plaintiff was not sufficient to show that he was entitled to recover for damages claimed by him.'

"In consequence thereof the summary foreclosure proceedings in case No. 2340, instituted in this court by José A. Fernández on behalf of his minor children, José Antonio, Manuel Evaristo, and Benigno Claudio Fernández y Diez, against Agustín Hernández Mena and Juana Lliteras, are hereby declared to be null and void, the right of José A. Fernández and his minor children to commence another foreclosure proceeding to recover the amount which the mortgage of January 14, 1901, was constituted to secure, being hereby reserved during the time the note remains unpaid, such proceedings to be instituted against the properties mortgaged in the proportion in which each is liable for the debt.

"It is further decreed that each party shall pay his own costs.

"Mayagüez, P. R., March 23, 1910. Otto Shoenrich, District Judge."

The pleadings made in this case are both lengthy and confusing, but the fundamental issue involved is simple, being clearly covered and determined by the statutes.

It seems that Claudio Nin mortgaged in favor of José A. Fernández three properties consisting of 28, 12, and 5 *cuerdas,* respectively, to secure a debt. That Fernández subsequently assigned the mortgage to A. Crestas and D. Fernández, who in turn assigned it to G. González, the latter having afterwards made a donation thereof to the minor children of José

A. Fernández, in whose favor it appears recorded in the registry.

Agustín Hernández Mena filed a personal action against Claudio Nin demanding the payment of a certain sum of money; he obtained a favorable judgment, and for the satisfaction thereof, one-half of the property consisting of 28 *cuerdas,* mortgaged by Nin in favor of Fernández, was sold at auction, Hernández Mena himself being the successful bidder.

In an endeavor to collect his credit José A. Fernández, on behalf of his minor children, commenced an action in the District Court of Mayagüez against the debtor, Claudio Nin. He obtained a judgment in his favor, and for the purpose of satisfying it an effort was made to sell the properties which had previously been mortgaged to secure a prior debt. The sale could not be made because it was opposed by Agustín Hernández Mena on the ground that he was the owner of one-half of the property consisting of 28 cuerdas, the other half and the rest of the properties having already been sold to pay delinquent taxes.

José A. Fernández then commenced the special proceedings provided for by law for the foreclosure of mortgages, for the purpose of recovering upon that half of the property of 28 *cuerdas* which Agustín Hernández Mena had previously acquired, as above stated, whereupon Mena brought this action seeking the remedies hereinbefore set forth.

From the foregoing statement of facts the conclusion is easily reached that the contention of plaintiff regarding his petition for the cancellation of both the mortgage and the record thereof in the registry is wholly unfounded.

A mortgage directly and primarily subjects the property on which it is constituted, whoever its owner may be, to the fulfilment of the obligation for the security of which it was given.   (Article 105 of the Mortgage Law.)

The property, which Hernández Mena acquired under the decision rendered in the personal action brought by him

against the owner, had already been mortgaged by said owner in favor of Fernández, and this mortgage continued in full force, the transfer of title made by Nin in favor of Hernández not affecting it in any way.

The fact that the creditor brought an ordinary action and obtained a judgment in his favor, directing the payment of the debt previously secured by the mortgage, does not preclude him from instituting summary proceedings when, as in the case at bar, it shall have been shown that the judgment rendered in the first action could not be enforced.

This is not a case of an attempt to collect the same debt twice, but only once; and even though the steps taken by plaintiff in his endeavor to collect the debt are not to be commended, his error is not such as would cause him to lose his rights.

In regard to the petition for an order declaring the foreclosure proceedings null and void, there is some doubt as to what the finding of the court really was, because, although the complaint in case No. 2372 appears to have been wholly dismissed, the nullity was decreed in the decision of case No. 2387, which was jointly tried with No. 2372 and disposed of in a single judgment.

The court did not annul the mortgage, but it did annul the proceedings owing to the false allegations contained in the statement of facts, for it seems that when the mortgage was constituted on the three properties it was stipulated under the terms of the law what portion of the debt each property should secure, and when proceedings were brought for the foreclosure on only one of them, an attempt was made to collect not only the portion corresponding to this particular one, but also the other portions which made up the entire debt.

Even assuming that the said foreclosure proceeding brought by the defendants in this case against the plaintiff and his wife was, for the reason given, declared null and void, and that this fact was set forth in the judgment from which the appeal has been taken, reserving to the said defendants,

under the law and pending the payment of the credit, the right to bring foreclosure proceedings against the properties mortgaged, each in the proportionate amount which it is pledged to secure, as stipulated in the recorded deed, and further assuming that an order was issued refusing to allow the cancellation of the records entered in the registry of property, we should affirm the judgment rendered by the District Court of Mayagüez on March 23, 1910, from which this appeal has been taken.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Aldrey did not take part in the decision of this case.